IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| RANDY PHILLIPS, | § | |
|     Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO.4:04-CV-921-Y |
| | § | |
| COLE JETER, Warden, | § | |
| FMC-Fort Worth, | § | |
|     Respondent. | § | |

<u>OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS</u>

Pending before the Court is the petition for writ of habeas corpus under 28 U.S.C. § 2241 filed by Randy Phillips. Phillips is presently housed at the Bureau of Prisons' FMC--Fort Worth facility in Fort Worth, Texas. Although the case was referred to the magistrate judge, it was returned to this Court as a result of Phillips's filing of objections to a non-dispositive ruling of the magistrate judge.[1] The petition is ripe for consideration, however, as the respondent has filed a response with appendix, and the time has passed for Phillips to file a reply. After review of the petition and brief in support and the response, the Court concludes that the petition must be denied for the reasons stated in the response and for the reasons set forth herein.

Petitioner contends that the Bureau of Prisons (BOP) is providing good-time credit towards his sentence in a manner contrary to 18 U.S.C. § 3624(b). That section allows that the BOP may afford credit towards the service of a sentence of "up to 54

---

[1] After considering the order of the magistrate judge, it is evident that Petitioner has not shown the magistrate judge's order denying release on bail to be clearly erroneous or contrary to law, and thus the Court concludes that Petitioner's objection must be overruled. See 28 U.S.C.A. § 636(b)(1)(A)(West Supp. 2004); FED. R. CIV. P. 72(a).

days at the end of each year of the prisoner's term of imprisonment . . . ."[2] Specifically, Petitioner claims that he is entitled to good-time credit against the "sentence imposed," as opposed to the BOP's construction of the statute to provide such credit for each year actually served. The BOP has promulgated a rule implementing its interpretation of § 3624(b),[3] and also issued its Program Statement 5880.28. Although the Fifth Circuit has not yet determined whether § 3624(b) creates a constitutionally protected interest in good-time credits,[4] the Court assumes, without deciding, that a federal inmate does have a constitutionally protected interest in such credits.[5]

Although the Fifth Circuit has not yet addressed the issue in a published opinion, it has written on the question in an unpublished opinion, *Sample v. Morrison,* No. 04-40698, 2005 WL 775816 (5th Cir. March 22, 2005)(unpublished-copy attached). There, the court of appeals rejected the argument that the good time credit was to be awarded based upon the sentence imposed:

> It is plain from [18 U.S.C. § 3624)b)(1)] that an inmate must earn good time credit; the statute grants the BOP itself the power to determine whether or not, during a given year, the inmate has complied with institutional

---

[2] 18 U.S.C.A. 3624(b)(1)(West 2000).

[3] *See* 28 C.F.R. § 523.20 (2004)("Pursuant to 18 U.S.C. § 3624(b) . . . an inmate earns 54 days credit toward service of sentence (good conduct time credit) *for each year served*")(emphasis added).

[4] *See Belasco v. Bidden,* No. 03-11049, 2004 WL 376901, at *1 (5th Cir. March 1, 2004)(unpublished).

[5] *See Henson v. U.S. Bureau of Prisons,* 213 F.3d 897, 898 (5th Cir. 2000)(assuming without deciding).

2

> disciplinary rules. Good time credit thus is not awarded in advance, and any entitlement to such credit for future years is speculative at best.[6]

Furthermore, the court of appeals noted that even if the statue is ambiguous, then the BOP's interpretation of § 3624(b) is reasonable and entitled to deference under *Chevron U.S.A., Inc. V. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 844 (1984).[7] The court of appeals noted that other circuit courts have also rejected good-conduct-time claims similar to those of petitioner, and upheld the BOP's interpretation and application of 18 U.S.C. § 3624(b).[8] The courts of this district that have considered the issue have also rejected claims similar to petitioner's, and upheld the BOP's interpretation of the good-time-credit statute.[9] Based upon these persuasive authorities, this Court concludes that the BOP's method of calculation of good-time credit is reasonable and entitled to deference. Thus, Petitioner's petition for writ of habeas corpus must be denied.

---

[6] *Sample v. Morrison*, 2005 WL 775816, at *2.

[7] *Id.*

[8] *Id.*, citing *White v. Scibana*, 390 F.3d 997, 1002-03 (7th Cir. 2004); *Pacheco-Camacho v. Hood*, 272 F.3d 1266, 1269-71 (9th Cir. 2001), *cert. den'd*, 535 U.S. 1105 (2002).

[9] See *Pollard v. Van Buren*, No. 4:04-CV-642-A, 2004 WL 2645548, at *1 (N.D.Tex. Nov. 18, 2004)(McBryde); *Belasco v. Bidden*, No.1:03-CV-165-C, 2004 WL 2381248, at *2 (N.D.Tex. Oct. 22, 2004)(Cummings); *Esposito v. Federal Bureau of Prisons*, No. 3:04-CV-2686-P, 2005 WL 525206 (N.D.Tex. March 3, 2005), *recommendation adopted*, (N.D.Tex. April 8, 2005)(Solis); *Geis v. Bureau of Prisons*, No. 3:04-CV-2737-M, 2005 WL 525174 (N.D.Tex. March 3, 2005), *recommendation adopted*, (N.D.Tex. April 6, 2005)(Lynn); *Owens v. Joslin*, No. 3:05-CV-391-N, 2005 WL 659043 (N.D.Tex. March 21, 2005), *recommendation adopted*, (N.D.Tex. April 6, 2005)(Godbey); *Kenemore v. Jeter*, 4:04-CV-749-D, 2005 WL 474297,(N.D.Tex. Feb. 28, 2005), *recommendation acopted*, (March 30, 2005)(Fitzwatrer); *Martinez v. Wendt*, No.3:03-CV-826-L, 2003 WL 22456808, at *2-4 (N.D.Tex. Oct. 24, 2003), *report and recommendation adopted*, 2003 WL 22724755 (N.D.Tex. Nov. 18, 2003)(Lindsay).

It is therefore ORDERED that Petitioner's Petition for Writ of Habeas Corpus be, and is hereby, DENIED.

SIGNED April 26, 2005.

Terry R. Means

TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

Westlaw.

2005 WL 775816
--- F.3d ---
(Cite as: 2005 WL 775816 (5th Cir.(Tex.)))

H

**Briefs and Other Related Documents**

Only the Westlaw citation is currently available.

United States Court of Appeals,
Fifth Circuit.
Brandon Creighton SAMPLE, Petitioner-Appellant,
v.
Marvin MORRISON, Warden, Respondent-Appellee.
No. 04-40698
Summary Calendar.

March 22, 2005.

**Background:** Federal prisoner filed habeas petition asserting that Bureau of Prisons (BOP) was calculating his good time credit in manner contrary to federal prisoner release statute. The United States District Court for the Eastern District of Texas, Ron Clark, J., denied petitioner relief, and he appealed and filed pro se motion for appointment of counsel.

**Holdings:** The Court of Appeals, held that:
(1) petition was not ripe for judicial review, and
(2) in any event, BOP's interpretation of statute was entitled to *Chevron* deference.
Appeal dismissed for lack of subject matter jurisdiction; motion denied as moot.

[1] **Federal Courts** ⚖︎12.1

170Bk12.1 Most Cited Cases
In order to give meaning to Article III's case-or-controversy requirement, courts have developed justiciability doctrines, such as standing and ripeness doctrines. U.S.C.A. Const.Art. 3, § 2, cl. 1 .

[2] **Federal Civil Procedure** ⚖︎103.2
170Ak103.2 Most Cited Cases
Since standing and ripeness are essential components of federal subject-matter jurisdiction, lack of either can be raised at any time by party or by court.

[2] **Federal Courts** ⚖︎12.1
170Bk12.1 Most Cited Cases
Since standing and ripeness are essential components of federal subject-matter jurisdiction, lack of either can be raised at any time by party or by court.

[3] **Administrative Law and Procedure** ⚖︎704
15Ak704 Most Cited Cases
Doctrine of "ripeness" is justiciability doctrine designed to prevent courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect agencies from judicial interference until administrative decision has been formalized and its effects felt in concrete way by challenging parties.

[4] **Habeas Corpus** ⚖︎223

Attachment to Order Denying 2241

197k223 Most Cited Cases
Habeas petition asserting that Bureau of Prisons (BOP) was calculating federal prisoner's good time credit in manner contrary to prisoner release statute was not ripe for review, insofar as prisoner would not be eligible for release for seven more years and good time credit had to be earned by prisoner on annual basis; given temporally distant and speculative nature of prisoner's claim, his allegations did not establish he would sustain immediate injury and that such injury would be redressed by relief requested. 18 U.S.C.A. § 3624(b )(1) ; 28 U.S.C.A. § 2241 .

[5] Federal Courts ⚖═776
170Bk776 Most Cited Cases
Issues of statutory interpretation are reviewed de novo.

[6] Statutes ⚖═188
361k188 Most Cited Cases
Appropriate starting point when interpreting any statute is its plain meaning.

[7] Statutes ⚖═188
361k188 Most Cited Cases

[7] Statutes ⚖═205
361k205 Most Cited Cases
In ascertaining plain meaning of statute, court must look to particular statutory language at issue, as well as language and design of statute as whole.

[8] Prisons ⚖═15(1)
310k15(1) Most Cited Cases
Phrase "term of imprisonment" in statute permitting federal prisoner to earn up to 54 days of good time credit at end of each year of prisoner's term of imprisonment was ambiguous, in that it could mean either sentence imposed or actual time served in prison; thus, Court of Appeals would accord *Chevron* deference to regulation interpreting statute, promulgated by Bureau of Prisons (BOP), which awarded credit for each year served in prison, rather than each year of sentence imposed, where statute gave BOP authority to determine and award good time credit. 18 U.S.C.A. § 3624(b )(1) ; 28 C.F.R. § 523.20 .
F. Clinton Broden , Broden & Mickelsen, Dallas, TX, for Sample.

Michael Wayne Lockhart , Beaumont, TX, for Morrison.

Appeal from the United States District Court for the Eastern District of Texas.

Before DAVIS , SMITH and DENNIS , Circuit Judges.

PER CURIAM:

*1 In 2001, Brandon Creighton Sample, now a federal prisoner (# 33939-037), pleaded guilty to money laundering and other offenses and was sentenced to a total of 168 months in prison. He allegedly has been in custody since May 28, 2000. Sample filed the instant 28 U.S.C. § 2241 habeas petition asserting that the Bureau of Prisons ("BOP") is calculating his good time credit in a manner contrary to 18 U.S.C. § 3624(b ) . He argued that the statute requires that a prisoner be awarded "54 days" of credit for each year of his prison term, as imposed by the court, whereas the BOP is computing such credit based on each year *served,* which will allegedly result in his receiving 98 fewer days of good time credit over the course of his prison term. The district court denied Sample relief, concluding that the BOP's regulatory construction of any ambiguity in 18 U.S.C. § 3624(b ) was permissible under the standard of *Chevron U.S.A. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984) . *See* 28 C.F.R. § 523.20 .

[1] [2] [3] Whether Sample's sentence is computed on the basis of the BOP's interpretation of 18 U.S.C. § 3624(b ) or his own, Sample will not be eligible for release before 2012. Moreover, the statute makes clear that good time credit must be earned by a prisoner on an annual basis; it is not awarded in advance. *See* 18 U.S.C. § 3624(b ). Article III of the United States Constitution limits federal courts' jurisdiction to "cases" and "controversies." U.S. Const. art. III, §

2. In order to give meaning to Article III's case-or-controversy requirement, the courts have developed justiciability doctrines, such as the standing and ripeness doctrines. *United Transp. Union v. Foster,* 205 F.3d 851, 857 (5th Cir.2000) ; *see also Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992) . Since standing and ripeness are essential components of federal subject-matter jurisdiction, the lack of either can be raised at any time by a party or by the court. *Sommers Drug Stores Co. Emp. Profit Sharing Trust v. Corrigan,* 883 F.2d 345, 348 (5th Cir.1989) ; *see also Cinel v. Connick,* 15 F.3d 1338, 1341 (5th Cir.1994) . "Ripeness is a justiciability doctrine designed 'to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties.' " *National Park Hospitality Ass'n v. Department of Interior,* 538 U.S. 803, 807-08, 123 S.Ct. 2026, 155 L.Ed.2d 1017 (2003) (citation omitted).

[4] Given the temporally distant and speculative nature of Sample's claim, his allegations do not establish that "he 'will sustain immediate injury' and 'that such injury would be redressed by the relief requested.' " See *Cinel,* 15 F.3d at 1341 (citation omitted). Accordingly, we conclude that Sample's 28 U.S.C. § 2241 petition is not ripe for review, and we DISMISS the instant appeal for lack of subject-matter jurisdiction.

*2 [5] [6] [7] Even if we were to assume arguendo that we have subject-matter jurisdiction, we would conclude that the district court did not err in denying Sample's 28 U.S.C. § 2241 petition. Issues of statutory interpretation are reviewed de novo. See *United States v. Santos-Riviera,* 183 F.3d 367, 369 (5th Cir.1999) . The appropriate starting point when interpreting any statute is its plain meaning. See *United States v. Ron Pair Enters., Inc.,* 489 U.S. 235, 242, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989) . "In ascertaining the plain meaning of the statute, the court must look to the particular statutory language at issue, as well as the language and design of the statute as a whole." *K Mart Corp. v. Cartier, Inc.,* 486 U.S. 281, 291, 108 S.Ct. 1811, 100 L.Ed.2d 313 (1988) .

Section **3624(b )**(1), 18 U.S.C ., reads in its entirety as follows:
> Subject to paragraph (2), a prisoner who is serving a term of imprisonment of more than 1 year other than a term of imprisonment for the duration of the prisoner's life, *may* receive credit toward the service of the prisoner's sentence, *beyond the time served,* of up to 54 days *at the end of each year of the prisoner's term of imprisonment,* beginning at the end of the first year of the term, *subject to determination by the Bureau of Prisons* that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations. Subject to paragraph (2), *if the Bureau determines that, during that year, the prisoner has not satisfactorily complied with such institutional regulations, the prisoner shall receive no such credit toward service of the prisoner's sentence or shall receive such lesser credit as the Bureau determines to be appropriate.* In awarding credit under this section, the Bureau shall consider whether the prisoner, during the relevant period, has earned, or is making satisfactory progress toward earning, a high school diploma or an equivalent degree. *Credit that has not been earned may not later be granted.* Subject to paragraph (2), *credit for the last year or portion of a year of the term of imprisonment shall be prorated and credited within the last six weeks of the sentence.*

(emphasis added). [FN*]

We disagree with Sample's contention that the "plain language" of 18 U.S.C. § **3624(b )**(1) requires that his good time credit be computed in a manner that would award him "54 days" for each year of his "term of imprisonment" based on the "sentence actually imposed by the sentencing judge." It is plain from the statute that an inmate must *earn* good time credit; the statute grants the BOP itself the power to determine whether or not, during a given year, the inmate has complied with institutional disciplinary rules. Good time credit thus is not awarded in advance, and any entitlement to such credit for future years is speculative at best. The statute also plainly states that a prisoner cannot earn any good time credit until he has *served* at least one year of his prison term. At that time, and thereafter "at the end of each year" of the inmate's prison term, he "may" be awarded "up to 54 days" of good time credit. The plain effect of such annual awards is to *reduce an inmate's prison term incrementally while he is serving it.* For instance, if Sample were to receive annual awards of 54 days of credit until 2012, his sentence by that time would be several hundred days shorter than the 168-month term imposed by the court. The statute, however, contains no language that would permit him to receive *additional* good time credit based on the original prison term "as imposed" by the court, and it provides no method for computing such credit.

[8] If this statutory language does not "plainly" support the BOP's computation method, then it is at worst ambiguous. If the statute is ambiguous, deference to the BOP's interpretation thereof is required by *Chevron.* At least two sister circuits have so held, and they have concluded that the BOP's interpretation was permissible. See *White v. Scibana,* 390 F.3d 997, 1002-03 (7th Cir.2004) ; *Pacheco-Camacho v. Hood,* 272 F.3d 1266, 1270-71 (9th Cir.2003) . We

agree with the reasoning of *White* and *Pacheco-Camacho*. Accordingly, even if were to conclude that the case is ripe for review, we would affirm the judgment of the district court.

**\*3** Sample's pro se motion for appointment of counsel is DENIED as moot because he is now represented by pro bono counsel.

DISMISSED FOR LACK OF SUBJECT-MATTER JURISDICTION; MOTION DENIED.

> FN\* Section 3624(b)(2), to which subsection (b)(1) refers three times, merely states that, "[n]otwithstanding any other law, credit allowed under this subsection after the date of enactment of the Prison Litigation Reform Act [in 1996] shall vest on the date the prisoner is released from custody."

2005 WL 775816 (5th Cir.(Tex.))

**Briefs and Other Related Documents (Back to top)**

? 04-40698 (Docket) (Jun. 07, 2004)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.